IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DORA LEIGH EASTERWOOD, ) <br> wife and personal representative of ) <br> the Estate of Horace Melton, ) <br> deceased, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HUSQVARNA PROFESSIONAL ) <br> PRODUCTS, INC., and ) <br> HUSQVARNA CONSUMER ) <br> OUTDOOR PRODUCTS N.A., INC., ) <br> ) <br> Defendants. ) | CASE NO. 2:19-CV-1065-WKW <br> [WO] |

# **ORDER**

Before the court are Plaintiff's twenty motions *in limine* (Doc. # 76 (motions 1–18), Doc. # 98 (motion 19), and Doc # 99 (motion 20)), Plaintiff's motion to strike certain affirmative defenses from the answer (Doc. # 77), and Plaintiff's motion to withdraw motion *in limine* number one (Doc. # 118).  Also before the court are Defendants' eleven motions *in limine*. (Docs. # 83–94.)  On March 21, 2022—after jury selection in this case but before opening statements—the court orally provided preliminary rulings on each of the below motions, including rulings as to the use of the referenced evidence during opening statements.  This order supersedes and

clarifies the oral order. Where any discrepancy exists, this written order is controlling.

## PLAINTIFF'S MOTIONS

Plaintiff's first motion *in limine* asks to exclude evidence that "ROPS and seatbelts were offered by the defendants as optional equipment." (Doc. # 76 at 2.) Plaintiff later moved to withdraw this motion *in limine*. (Doc. # 118.) Defendants have expressed no opposition to the withdrawal. (Doc. # 122 at 1.) Accordingly, the motion to withdraw (Doc. # 118) is due to be granted.

Plaintiff's second motion *in limine* asks to exclude lay opinion testimony as to the area in which the decedent was mowing—specifically, whether the lay witnesses would characterize the area as "steep" and whether the witnesses themselves would have chosen to mow on the area. (Doc. # 76 at 3.) This motion is due to be granted, and lay opinions regarding the steepness and mowability of the slope are due to be excluded. Relatedly, Plaintiff's seventh motion *in limine* asks to exclude testimony from witnesses regarding their personal experiences with zero-turn mowers and what the witnesses consider to be safe mower practices. (Doc. # 76 at 12.) This motion is due to be granted for the same or similar reasons. Plaintiff's ninth motion *in limine* asks to exclude testimony regarding the use of Husqvarna mowers by Husqvarna employees. (Doc. # 76 at 15.) This motion is due to be

granted for same or similar reasons, except insofar as the testimony is used to explain the testing and design process at Husqvarna.

Plaintiff's third motion *in limine* asks to exclude any documents not produced in discovery. (Doc. # 76 at 6.) This motion does not challenge any specific evidence and is therefore due to be denied without prejudice to any objection to specific evidence offered at trial.

Plaintiff's fourth motion *in limine* asks to exclude any expert testimony regarding information or opinions not provided in the expert's report or deposition. (Doc. # 76 at 7.) Relatedly, Plaintiff's nineteenth motion *in limine* challenged William Newberry's opinion that the decedent would have died even if the mower had ROPS, (Doc. # 98), and Plaintiff's twentieth motion *in limine* challenged several exhibits, (Doc. # 99), asserting that the challenged material was not contained in the documents, reports, or depositions provided in discovery. Defendants assert that the opinions and exhibits were fairly contained within the materials provided in discovery. (Doc. # 122 at 6.) On March 22, 2022, Plaintiff orally withdrew a portion of her twentieth motion *in limine*. Specifically, Plaintiff withdrew the portions of the motion that challenged the pictures identified as Defendants' exhibits 270 and 271. (Doc. # 99 at 5.) On the remaining portions of these three motions, ruling will be deferred until after a hearing. The motion was granted as to opening statements.

Plaintiff's fifth motion *in limine* asks to exclude evidence regarding the substance abuse treatment or criminal history of the decedent's children. (Doc. # 76 at 10.) Defendants express no opposition, except in stating that they do not intend to proffer such evidence. (Doc. # 122 at 16.) The motion is due to be granted.

Plaintiff's sixth motion *in limine* asks to exclude references to other lawsuits filed by Plaintiff. Specifically, those against the property owner. (Doc. # 76 at 11.) Defendants assert that the lawsuit against the property owner, as a premises liability case, is inconsistent with her current litigation position that the slope was safe for mowing. (Doc. # 122 at 16.) The motion is due to be granted, except as to the impeachment of Plaintiff.

Plaintiff's eighth motion *in limine* asks to exclude the hearsay statements of Amos McGhar. (Doc. # 76 at 14.) Defendants argue that there is a sufficient basis to conclude that McGhar's statement was an excited utterance. (Doc. # 122 at 19.) On this motion, ruling will be deferred until an appropriate time at trial. The motion was granted as to opening statements.

Plaintiff's tenth motion *in limine* asks to exclude Defendants' expert opinion testimony as to the ultimate issue of defect. The motion also seeks to exclude any argument to the jury that Plaintiff ought to have elicited, or failed to elicit, an opinion on the ultimate issue of defect. (Doc. # 76 at 18.) Defendants' response to the motion primarily argues that their witness, Dan Nielsen, is qualified to opine on the

ultimate issue of defect. (Doc. # 122 at 25.) The motion is due to be granted as pertains to Defendants' expert Kevin Breen, whose expertise does not extend to lawn and garden equipment in a way that could support an opinion on the ultimate issue of defect in this case. As pertains to Defendants' expert Dan Nielsen, ruling will be deferred until an appropriate time at trial. The motion was granted as to opening statements.

Plaintiff's eleventh motion *in limine* asks to exclude evidence that the mower discharge guard and mounting hardware were missing from the subject mower. (Doc. # 76 at 19.) Defendants contend that the decedent's choice to operate the mower without certain safety equipment is relevant to the issue of whether the decedent would have deployed the ROPS on the day of the accident. (Doc. # 122 at 28.) Absent evidence the decedent removed the discharge guard, the evidence is of marginal probative value, may confuse the jury as to the issues in this case, and may contradict Defendants' stipulation that there has been no substantive modification to the mower. The motion is due to be granted, except as to the use of the evidence for impeachment purposes, which is deferred until an appropriate time at trial.

Plaintiff's twelfth motion *in limine* asks to exclude evidence of payments made to expert witnesses pertaining to testimony in other cases. (Doc. # 76 at 19.) Defendants concede this motion, but request that the order apply to all parties. (Doc. # 122 at 30.) The motion is due to be granted as to both sides.

5

Plaintiff's thirteenth motion *in limine* asks to exclude arguments that Defendants are "innocent until proven guilty" in this products liability action. (Doc. # 76 at 20.) Defendants contend that the motion is baseless, as Defendants have not indicated in any way that they would make such improper argument. (Doc. # 122 at 30.) The motion is due to be denied without prejudice to reassert at an appropriate time.

Plaintiff's fourteenth motion *in limine* asks to exclude evidence and argument about the "good character" of Defendants. (Doc. # 76 at 20.) This motion does not challenge any specific evidence and is therefore due to be denied without prejudice to any objection to specific evidence offered at trial.

Plaintiff's fifteenth motion *in limine* asks to exclude evidence and argument about the potential impact of a verdict in favor of Plaintiff on Defendants, their employees, or the price of their products. (Doc. # 76 at 21.) This motion does not challenge any specific evidence and is therefore due to be denied without prejudice to any objection to specific evidence offered at trial.

Plaintiff's sixteenth motion *in limine* asks to exclude argument that describes Plaintiff's case as akin to playing a game of chance. (Doc. # 76 at 23.) Defendants contend that the motion is baseless, as Defendants have not indicated in any way that they would make such improper argument. (Doc. # 122 at 33.) The motion is due to be granted.

Plaintiff's seventeenth motion *in limine* asks to exclude references to Plaintiff's contingency fee arrangement with her counsel. (Doc. # 76 at 24.) Defendants contend that the motion is baseless, as Defendants have not indicated in any way that they would make such a reference. (Doc. # 122 at 33.) The motion is due to be granted.

Plaintiff's eighteenth motion *in limine* asks to exclude references to "tort reform," plaintiffs' lawyers or trial lawyers in general, a broken civil justice system, or similar commentary. (Doc. # 76 at 26.) Defendants contend that the motion is baseless, as Defendants have not indicated in any way that they would make such a reference. (Doc. # 122 at 34.) The motion is due to be granted.

Plaintiff's motion to strike asks to strike Defendants' affirmative defenses of assumption of the risk and contributory negligence. (Doc. # 77.) Rule 12(f) requires a party to file a motion to strike "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). This motion is untimely and is therefore due to be denied without prejudice to any properly made motion.

## DEFENDANTS' MOTIONS

Defendants' first motion *in limine* asks to exclude references to the accident scene as "flat" or "level" and asks for permission to permit the jury to view the accident scene. (Doc. # 83.) By separate order, the court denied the request to permit

7

the jury to view the accident scene. (Doc. # 126.) The remaining portions of the motion are due to be denied as well.

Defendants' second motion *in limine* asks to exclude references to the Stockman incident. (Doc. # 84.) Plaintiff stated on the record on March 23, 2022 that she did not intend to offer evidence regarding the Stockman incident. The motion is therefore due to be denied as moot.

Defendants' third motion *in limine* asks to exclude evidence and argument pertaining to the fault of the nonparty dealer. (Doc. # 85.) Plaintiff concedes that the fault of the dealer is not at issue in this case and will not be addressed in argument, but contends that the dealer's behavior is relevant in assessing the sufficiency of Defendants' warnings for the mower. (Doc. # 109.) As pertains to argument regarding the fault of the dealer, the motion is due to be granted. In every other respect, ruling will be deferred until an appropriate time at trial. The motion was granted as to opening statements.

Defendants' fourth motion *in limine* asks to exclude evidence and argument that solely relate to proof of compensatory damages. (Doc. # 87.) Plaintiff contends that the motion is baseless, as Plaintiff has not indicated in any way that she would present such proof or make such argument. (Doc. # 110.) The motion is due to be granted.

Defendants' fifth motion *in limine* asks to exclude from admission into evidence the hearsay statements from articles, treatises, and other sources identified in expert disclosures. (Doc. # 88.) Plaintiff argues that the statements can be used consistent with Federal Rule of Evidence 803(18), and that Plaintiff does not intend to use the statements in an improper manner. (Doc. # 111.) The court intends to adhere to the process outlined in Rule 803(18). Ruling will be deferred until an appropriate time at trial. The motion was granted as to opening statements.

Defendants' sixth motion *in limine* asks to exclude expert opinion testimony from the Plaintiff herself, any characterization of her as an expert, and testimony about her experience with zero-turn mowers. (Doc. # 89.) Plaintiff concedes that she is not an expert and states that she does not intend to take the stand to deliver opinion testimony. However, Plaintiff argues that her personal experience with mowers is relevant insofar as it reveals the knowledge and habits of the decedent. (Doc. # 112.) As pertains to opinion testimony, the motion is due to be granted. In every other respect, ruling will be deferred until an appropriate time at trial. The motion was granted as to opening statements.

Defendants' seventh motion *in limine* asks to exclude references to ROPS on other, dissimilar products. (Doc. # 90.) Plaintiff responds by noting that the similarity of the vehicles is supported by significant evidence and that the issue has already been resolved in the court's December 16, 2021 memorandum opinion and

9

order. (Doc. # 113 (citing Doc. # 57).) To the extent that this issue has already been resolved by the court's prior memorandum opinion and order (Doc. # 57), the motion is due to be denied. Insofar as the similarity of the other vehicles has yet to be established, ruling will be deferred until an appropriate time at trial.

Defendants' eighth motion *in limine* asks to exclude the testimony of Thomas Mann that he heard someone calling for help from across the lake. (Doc. # 91.) This motion was denied.

Defendants' ninth motion *in limine* asks to exclude references to a "design hierarchy" or the creeds and codes of ethics of outside organizations. (Doc. # 92.) This motion was denied.

Defendants' tenth motion *in limine* asks to exclude references to the death certificate issued for the decedent. (Doc. # 93.) This motion was denied. On March 22, 2022, Defendants orally moved for reconsideration of the court's oral ruling. For the reasons stated on the record, the court orally denied the motion for reconsideration on March 23, 2022.

Defendants' eleventh motion *in limine* asks to exclude evidence as to the decedent's "safety-conscious" character and opinion evidence on the likelihood of decedent using ROPS. (Doc. # 94.) Plaintiff responded by emphasizing the importance of the evidence and by identifying cases in which similar evidence was

used. (Doc. # 117.) Ruling was deferred until an appropriate time at trial. The motion was granted as to opening statements.

## CONCLUSION

Accordingly, it is ORDERED:

1. Plaintiff's motion to withdraw her first motion *in limine* (Doc. # 118) is GRANTED.

2. Plaintiff's second motion *in limine* (Doc. # 76 at 3) is GRANTED.

3. Plaintiff's third motion *in limine* (Doc. # 76 at 6) is DENIED without prejudice to any objection to specific evidence offered at trial.

4. Plaintiff's fourth motion *in limine* (Doc. # 76 at 7) is DEFERRED.

5. Plaintiff's fifth motion *in limine* (Doc. # 76 at 10) is GRANTED.

6. Plaintiff's sixth motion *in limine* (Doc. # 76 at 11) is GRANTED, except as to the impeachment of Plaintiff.

7. Plaintiff's seventh motion *in limine* (Doc. # 76 at 12) is GRANTED.

8. Plaintiff's eighth motion *in limine* (Doc. # 76 at 14) is DEFERRED.

9. Plaintiff's ninth motion *in limine* (Doc. # 76 at 15) is GRANTED.

10. Plaintiff's tenth motion *in limine* (Doc. # 76 at 18) is GRANTED as to Kevin Breen's opinion on the ultimate issue of the defectiveness of the mower, and DEFERRED in every other respect.

11. Plaintiff's eleventh motion *in limine* (Doc. # 76 at 19) is GRANTED, except as to the use of the evidence for impeachment purposes, which is DEFERRED.

12. Plaintiff's twelfth motion *in limine* (Doc. # 76 at 19) is GRANTED.

13. Plaintiff's thirteenth motion *in limine* (Doc. # 76 at 20) is DENIED without prejudice to reassert at an appropriate time.

14. Plaintiff's fourteenth motion *in limine* (Doc. # 76 at 20) is DENIED without prejudice to any objection to specific evidence offered at trial.

15. Plaintiff's fifteenth motion *in limine* (Doc. # 76 at 21) is DENIED without prejudice to any objection to specific evidence offered at trial.

16. Plaintiff's sixteenth motion *in limine* (Doc. # 76 at 23) is GRANTED.

17. Plaintiff's seventeenth motion *in limine* (Doc. # 76 at 24) is GRANTED.

18. Plaintiff's eighteenth motion *in limine* (Doc. # 76 at 26) is GRANTED.

19. Plaintiff's nineteenth motion *in limine* (Doc. # 98) is DEFERRED.

20. Plaintiff's twentieth motion *in limine* (Doc. # 99) is DEFERRED to the extent it remains pending.

21. Plaintiff's motion to strike (Doc. # 77) is DENIED without prejudice to any properly made motion.

22. Defendants' first motion *in limine* (Doc. # 83) is DENIED.

23. Defendants' second motion *in limine* (Doc. # 84) is DENIED as moot.

24. Defendants' third motion *in limine* (Doc. # 85) is GRANTED as to argument regarding the fault of the dealer and DEFERRED in every other respect.

25. Defendants' fourth motion *in limine* (Doc. # 87) is GRANTED.

26. Defendants' fifth motion *in limine* (Doc. # 88) is DEFERRED.

27. Defendants' sixth motion *in limine* (Doc. # 89) is GRANTED as to opinion testimony from Plaintiff and DEFERRED in every other respect.

28. Defendants' seventh motion *in limine* (Doc. # 90) is DENIED to the extent that this issue has already be resolved by the court's prior memorandum opinion and order (Doc. # 57) and DEFERRED in every other respect.

29. Defendants' eighth motion *in limine* (Doc. # 91) is DENIED.

30. Defendants' ninth motion *in limine* (Doc. # 92) is DENIED.

31. Defendants' tenth motion *in limine* (Doc. # 93) is DENIED.  The oral motion for reconsideration is DENIED.

32. Defendants' eleventh motion *in limine* (Doc. # 94) is DEFERRED.

DONE this 23rd day of March, 2022.

                          /s/ W. Keith Watkins
                UNITED STATES DISTRICT JUDGE